UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No.: 1:20-CR-00078 (CKK) |
| ) | |
| ABDUL AHAD QURASHI, ) | |
| ) | |
| Defendant. ) | |

## ELEMENTS OF THE OFFENSE

The United States, by and through its undersigned attorneys, and the defendant, Abdul Ahad Qurashi, by and through his attorney, submit the elements of the charged offense to aid the Court during the hearing set for April 20, 2020.

### 18 U.S.C. § 371 (Conspiracy)

Defendant is charged with conspiring to commit offenses against the United States, that is, major fraud against the United States, in violation of 18 U.S.C. § 1031(a), and wire fraud, in violation of 18 U.S.C. § 1343. It is against the law to agree with someone to commit the crimes of major fraud against the United States and wire fraud. The elements of conspiracy, each of which the government must prove beyond a reasonable doubt, are that:

1. From on or about September 7, 2010 to in or about June 11, 2012, an agreement existed between two or more people to commit the crimes of major fraud against the United States and wire fraud. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things, does not necessarily show that an agreement exists to commit major fraud against the United States and wire fraud. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit these crimes. So, the first thing that must be shown is the

existence of an agreement. *See Criminal Jury Instructions for D.C.*, Instruction 7.102 (Barbara A. Bergman ed., Sept. 201 ed.)) (Redbook).

The relevant elements of major fraud against the United States are the following: (1) the defendant knowingly used or tried to use a scheme with the intent to defraud the United States or to get money or property by using materially false or fraudulent pretenses, representations, or promises; (2) the scheme took place as part of acquiring services or money as a subcontractor or a supplier on a contract with the United States; and (3) the value of the contract or subcontract was $1,000,000 or more. Pattern Crim. Jury Instr. 11th Cir. O34 (2019).

The relevant elements of wire fraud are the following: (1) the defendant knowingly devised or participated in a scheme to defraud some by using false or fraudulent pretenses, representations, or promises; (2) the false pretenses, representations, or promises were about a material fact; (3) the defendant acted with the intent to defraud; and (4) the defendant transmitted or caused to be transmitted by wire some communication in interstate or foreign commerce to help carry out the scheme to defraud. *Id.* O51.

2. Defendant intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the

defendant part of the conspiracy. So the second thing that must be shown is that defendant was part of the conspiracy. *See* Redbook Instruction 7.102.

3. One of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The charged overt acts are that on or about September 8, 2011, defendant agreed with CC-1 that defendant would take the OPI test for Candidate 1 and, on or about September 10, 2011, defendant took and passed Candidate 1's OPI test on telephone number 646-267-4171. *See id.*

        Respectfully submitted,

        Robert A. Zink
        Chief, Fraud Section
        Criminal Division
        United States Department of Justice

By:   /s/ *Michael P. McCarthy*
        _____
        Michael P. McCarthy, D.C. Bar #1020231
        Daniel P. Butler, D.C. Bar #417718
        Trial Attorneys, Fraud Section
        Criminal Division
        United States Department of Justice
        1400 New York Avenue, NW
        Bond Building, Fourth Floor
        Washington, D.C. 20530
        202) 305-3995 (McCarthy)
        Michael.McCarthy2@usdoj.gov
        (202) 307-2184 (Butler)
        Daniel.Butler2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that copies of the foregoing Elements of the Offense have been served via ECF upon counsel for the defendant this 20th day of March, 2020.

                                  /s/ *Michael P. McCarthy*
                                  _____
                                  Michael P. McCarthy
                                  Daniel P Butler
                                  Trial Attorneys, Fraud Section
                                  Criminal Division
                                  United States Department of Justice